Where, in assessing a transfer tax, a debt of the decedent was not considered, the surrogate may amend his decree and order the excess refunded to the estate.

In the matter of the estate of Theodora H. Campbell. Decree rendered refunding portion of inheritance tax assessed.

S. L. Hinds, in pro. per.

John A. Johnson, for State Comptroller.

KILEY, S. The above-entitled matter comes before the court upon a petition made by the executor of the last will and testament of the above-named deceased, in which he charges that the transfer tax, assessed against said estate on the 30th day of December, 1905, of $344.67, was erroneous and excessive, in that there should be deducted from said total tax 5 per cent. upon a promissory note of $337.08, held by one Henry P. Palmer against said estate, and a legal obligation against said estate. Upon the return of the citation or order to show cause, the Comptroller of the state of New York, through his attorney, John A. Johnson, objected to the jurisdiction of the surrogate to make the order asked for, viz., that said error be corrected, and that a new appraisal be ordered if necessary.

The petition was made under subdivision 6 of section 2481 of the Code of Civil Procedure. It appears from the hearing had before the surrogate that the note in question was in existence at the time of the appraisal, and was omitted and overlooked upon said hearing, and it is not denied that it is a proper item to be allowed in reducing the amount of the estate subject to the collateral inheritance tax. It appears that the executor had heard about the note and had written inquiring about it, but, I infer, did not have it in his possession, and as he says:

"He supposed he had included all the obligations of the estate, but that this one was omitted."

It will be seen that there is not any legal error involved in the determination of the surrogate fixing this tax; that the note which has come to light and to the possession of the executor, since the appraisal is simply new evidence of the obligation which should be allowed him in the appraisal of the tax, a matter of mathematical calculation which requires no reappraisal or hearing, as the facts were

admitted by the Comptroller upon the hearing had before the surrogate upon this obligation; he not having denied them. I am therefore of the opinion, and do so hold, that the power is lodged in the surrogate by subdivision 6, § 2481, of the Code of Civil Procedure, to grant the relief asked for upon this application, or such relief as will be just between the parties to the proceeding. Morgan v. Cowie, 49 App. Div. 612, 63 N. Y. Supp. 608; Matter of Cameron, 97 App. Div. 436, 89 N. Y. Supp. 977; Matter of Henderson, 157 N. Y. 423, 52 N. E. 183.

Section 225 of the transfer tax law (Laws 1896, p. 871, c. 908), as amended by the Laws of 1905, contemplates modification of decrees made under that act, and I hold that the Comptroller of the state of New York, as provided by section 225 of the transfer tax law, should pay to the administrator of the estate of Theodora H. Campbell the tax erroneously paid by him on $337.08, the amount of said note. All of said estate having been assessed at 5 per cent., the exact amount of said tax to be refunded to him is $16.85, and an order may be drawn accordingly.

Decreed accordingly.